[890 NYS2d 321]

# In the Matter of L.H., Petitioner, v U.H. et al., Respondents.

Family Court, Clinton County, November 23, 2009

## APPEARANCES OF COUNSEL

*Omshanti H. Parnes*, Plattsburgh, for L.H., petitioner. U.H., respondent pro se.[1] *Christine G. Peters*, Plattsburgh, for Clinton

---

1. A notarized document titled "Acknowledgment of Service" and referencing a matter *"Lisa 'H' v Urhandus 'H'"* bearing the above docket number

County Department of Social Services, respondent. *Larry A. Kudrle*, Plattsburgh, *Law Guardian*.

## OPINION OF THE COURT

TIMOTHY J. LAWLISS, J.

On February 14, 2008, March 10, 2008 and March 11, 2008, the court conducted a permanency hearing under article 10-A of the Family Court Act concerning the child, D.H. As a result of that hearing, the court issued a permanency hearing order dated March 12, 2008 which terminated the article 10 placement of the subject child and discharged the subject child to the custody of his mother, L.H.[2] All orders related to the permanency hearing order regarding supervision, services and protection expired on March 10, 2009.

On September 4, 2009, L.H. filed a petition under Family Court Act article 6 seeking custody of D.H. The question presented to the court is whether L.H.'s current petition should be dismissed as moot in light of the court's prior permanency hearing order.

The court has considered all arguments made both orally at the initial appearance and in L.H.'s memorandum, and finds that L.H. already has an order providing her with the relief sought in the instant petition. Essentially, the court holds that a final discharge to a parent pursuant to Family Court Act article 10-A is the functional equivalent of a final custody order under Family Court Act article 6.

The basis of this conclusion is the current structure of article 10-A of the Family Court Act. The purpose of Family Court Act, article 10-A, in part, is to "provide children placed out of their homes timely and effective judicial review that promotes permanency." (Family Ct Act § 1086.) "A major achievement of Article 10-A is case 'continuity', i.e. the principle that the Court retains continuous jurisdiction (and involvement) from the day a child has been placed until the date permanency is achieved," (Sobie, Practice Commentaries, McKinney's Cons Laws of NY, Book 29A, Family Ct Act § 1086, 2009 Pocket Part, at 257). Specifically, Family Court Act § 1088 provides that "[i]f a child

was signed by a Urhandus A.H. and filed with the court indicating that Mr. H. acknowledged service of a summons, law-guardian order and petition for custody scheduled in this court for September 15, 2009. The document further indicated that Mr. H. had no objection to Ms. H. and the subject child relocating to Rochester, New York, which was part of the relief sought by Ms. H.

**2.** The child had previously been found to be neglected by his father, U.H.

is placed . . . the case shall remain on the court's calendar and the court shall maintain jurisdiction over the case *until the child is discharged from placement and all orders regarding supervision, protection or services have expired.''* (Emphasis added.) In this case, in 2008, Family Court Act § 1089 (d) (1) was utilized to terminate placement and return the child to a parent.

It is only when permanency has been achieved, that the court no longer has jurisdiction. To be consistent with the purpose of article 10-A, therefore, the termination of placement and return of the child to a parent must be viewed as achieving permanency. As such, this court finds that discharge to a parent constitutes a permanent custodial order subject, of course, to future modification just like any article 6 final custody order.

The sole relief sought by L.H. is an order granting her custody of the subject child without restrictions. L.H. has such an order. As such, the court will dismiss L.H.'s petition as moot.

It is, now, therefore, ordered, that L.H.'s petition for custody (bearing docket No. V-xxxxx-xx) is hereby dismissed as moot.